# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-CR-097-KJD-EJY |
| Plaintiff, | **Amended Preliminary Order of Forfeiture** |
| v. | |
| GILBERT R. ROUSSEAU, | |
| Defendant. | |

This Court finds Gilbert R. Rousseau pled guilty to Count One of a One-Count Criminal Information charging him with conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349. Criminal Information, ECF No. 3; Plea Agreement, ECF No. 5; Arraignment & Plea, ECF No. 8; Agreement to Modify Certain Aspects of the Plea Agreement, ECF No. __.

This Court finds Gilbert R. Rousseau agreed to the imposition of the in personam criminal forfeiture money judgment of $1,105,346.46 set forth in the Plea Agreement, the Agreement to Modify Certain Aspects of the Plea Agreement, and the Forfeiture Allegations of the Criminal Information. Criminal Information, ECF No. 3; Plea Agreement, ECF No. 5; Arraignment & Plea, ECF No. 8; Agreement to Modify Certain Aspects of the Plea Agreement, ECF No. __.

The in personam criminal forfeiture money judgment is (1) any property, real or personal, which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1341 and 1343, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or 18 U.S.C. § 1349, conspiracy to commit such offenses; and (2) any real or personal property constituting, derived from, or traceable to the gross proceeds obtained

directly or indirectly as a result of violations of 18 U.S.C. §§ 1341 and 1343, or of 18 U.S.C. § 1349, conspiracy to commit such offenses and is subject to forfeiture under 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(8)(B); and 21 U.S.C. § 853(p).

This Court finds that Gilbert R. Rousseau shall pay an in personam criminal forfeiture money judgment of $1,105,346.46 to the United States of America, not to be held jointly and severally liable with any codefendants and the collected money judgment amount between the codefendants is not to exceed $4,388,406.38 to ensure the government does not collect more than the forfeitable amount based on the forfeiture statutes and Ninth Circuit cases, under Fed. R. Crim. P. 32.2(b)(1) and (b)(2); 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. § 982(a)(8)(B); and 21 U.S.C. § 853(p).

This Court finds that on the government's motion, the Court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include subsequently located property or substitute property under Fed. R. Crim. P. 32.2(e) and 32.2(b)(2)(C).

The in personam criminal forfeiture money judgment complies with *United States v. Lo*, 839 F.3d 777 (9th Cir. 2016); *Honeycutt v. United States*, 581 U.S. 443 (2017); *United States v. Thompson*, 990 F.3d 680 (9th Cir. 2021); and *United States v. Prasad*, 18 F.4th 313 (9th Cir. 2021).

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America recover from Gilbert R. Rousseau an in personam criminal forfeiture money judgment of $1,105,346.46.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED _____August 28_____, 2023.

_____
KENT J. DAWSON
UNITED STATES DISTRICT JUDGE